UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YESENIA BELTRE,                              )
                                             )
                      Plaintiff,             )   12 CV 7305
                                             )   COMPLAINT
      -against-                              )
                                             )   JURY TRIAL DEMANDED
                                             )
THE CITY OF NEW YORK; POLICE OFFICER         )
ERIK ALBA, Shield No. 8669; POLICE OFFICER   )
"FNU" (first name unknown) DEJESUS; JOHN     )
DOES; RICHARD ROES,                          )
                                             )
                      Defendants.            )
------------------------------------------------------------X



### PRELIMINARY STATEMENT

1.  This is a civil rights action in which the plaintiff YESENIA BELTRE seeks relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

### JURISDICTION

2.  This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.  The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on September 19, 2011. More than 30 days have elapsed since service of this Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff YESENIA BELTRE was at all times relevant herein a resident of the State of New York, New York County.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police

Department.

9.  Defendants ALBA, DEJESUS and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants ALBA, DEJESUS and JOHN DOES are sued individually and in their official capacity.

10. Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants

RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

11. On the night of July 2, 2011, at approximately 10:45 p.m., at or around 215 W. 108th Street, New York, NY, Plaintiff was walking along the sidewalk, going to meet her boyfriend.

12. Plaintiff was approached by approximately four or five JOHN DOE Defendants, including on information and belief Defendants ALBA and DEJESUS, who yelled aggressively at Plaintiff and told her to put her hands up.

13. Plaintiff put her hands up.

14. The Officers pressured Plaintiff to provide the full name and address of a woman who had earlier been involved in a fight, and told Plaintiff that if she did not provide that information, they would arrest her.

15. Plaintiff was not a participant in the earlier fight, but had been present when it occurred (and had tried to separate the participants).

16. Plaintiff did not know the woman's last name, or her address.

17. During the time that the Officers were speaking with Plaintiff, a police car pulled up with the other woman who had been in the earlier fight (on the losing end) in the back seat.

18. One of the Officers asked that woman if Plaintiff had hit her, and the woman replied that Plaintiff had not hit her.

19. The Officers placed Plaintiff under arrest anyway.

20. The Officers handcuffed Plaintiff with an excessive and painful tightness.

21. Plaintiff was taken to the NYPD 24th Precinct.

22.     The Officers kept Plaintiff standing, still handcuffed with excessive tightness, in the front of the precinct for approximately an hour.

23.     While being held in the front of the Precinct, a female JOHN DOE Officer searched Plaintiff.

24.     During the course of the search the female JOHN DOE Officer lifted Plaintiff's shirt and exposed Plaintiff's breasts in the presence of male officers.

25.     Plaintiff was then taken to the back of the precinct and handcuffed to a bench for approximately two hours.

26.     While at the precinct Plaintiff complained about the tightness of her handcuffs, and asked that they be loosened.

27.     Plaintiff's complaint and request concerning the excessive tightness of the handcuffs was ignored.

28.     Plaintiff was released at approximately 2:00 a.m., when the woman whose name and address the police had been seeking showed up at the precinct.

29.     Plaintiff was released with a summons for disorderly conduct.

30.     The summons is signed by Defendant ALBA, and falsely alleges that Plaintiff "was observed flaring [sic] her arms and yelling causing public alarm."

31.     Plaintiff at no point on the night of July 2, 2011 flailed or waved her arms around, or yelled.

32.     On the front of the summons it states "fighting," but the word "fighting" is crossed out.

33.     When Plaintiff went to court on her appearance date, September 8, 2011, to

address the summons, she was informed by the window clerk that the charges against her had been dismissed.

34.   The charges had – unbeknownst to her – been dismissed two days prior, on September 6, 2011 by Criminal Court Judge F. Nervo, as legally insufficient.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

35.   The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

36.   By their conduct and actions in falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, abusing process against plaintiff, maliciously prosecuting plaintiff, trespassing upon plaintiff, violating rights to due process of plaintiff, fabricating an account and/or evidence concerning the arrest of plaintiff, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment she received at the hands of other defendants, defendants ALBA, DEJESUS, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth, and Fourteenth amendments.

37.   As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was

otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

38. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

39. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth, and Fourteenth amendments.

40. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

41. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

42. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

43. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

44. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

45. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

46. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

47. The conduct of the individual defendants alleged herein, occurred while they were

on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

48. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## ASSAULT AND BATTERY

49. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

50. By the actions described above, defendants did inflict assault and battery upon the plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

51. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## FALSE ARREST AND FALSE IMPRISONMENT

52. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

53. By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

54. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### TRESPASS

55. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

56. The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

57. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

58. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

59. By the actions described above, defendants engaged in extreme and outrageous

conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

## NEGLIGENCE

61. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

62. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

64. The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

65. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

## CONSTITUTIONAL TORT

67. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

68. Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6 and 12 of the New York State Constitution.

69. A damages remedy here is necessary to effectuate the purposes of §§ 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

70. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

## ABUSE OF PROCESS

71. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

72. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

73. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

### MALICIOUS PROSECUTION

74. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

75. By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

76. As a result of the foregoing, plaintiff was deprived of her liberty and property,

experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
            September 28, 2012

_____
JEFFREY A. ROTHMAN, Esq.
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980

Attorney for Plaintiff